**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
         jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE OLMOS and FRANKLIN CARABALLO, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br><br>　　　　　　　　　　　Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiffs George Olmos and Franklin Caraballo ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight" or "Defendant") for the manufacture, marketing, and sale of Portland, One Stop Gardens, and Chicago Electric 14-inch Electric Chainsaw products identified below.  Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

**NATURE OF ACTION**

1. This is a class action against Defendant Harbor Freight Tools USA, Inc. for the manufacture and sale of Portland, One Stop Gardens, and Chicago Electric 14-inch Electric Chainsaws (collectively, the "Products"), all of which suffer from an identical design defect.  The defect manifests itself in the form of the Products' power switch malfunctioning, which allows the chainsaw blade to continue operating after the operator moves the power switch to the "off" position.  This defect renders the Products unsuitable for their principal and intended purpose.

2. Plaintiffs bring claims against Defendant individually and on behalf of a class of all other similarly situated purchasers of the Products for (1) breach of the implied warranty of merchantability; (2) fraud; (3) unjust enrichment; (4) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*; (5) violation of California's Consumers Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et. seq.*; and (6) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210.

**PARTIES**

3. Plaintiff George Olmos is, and at all times relevant to this action has been, a resident of Martinez, California.  In approximately the spring/summer of 2017, Mr. Olmos purchased a Portland 14-inch Electronic Chainsaw from a Harbor Freight store located in Pleasant Hill, California.  Mr. Olmos purchased the Product because he believed it was fit for use as a chainsaw.  However, the Product Mr. Olmos purchased was not fit for use as a chainsaw due to the Product's malfunctioning power switch.  Mr. Olmos would not have purchased the Product had he known that the Product was unfit to perform its intended purpose, rendering the Product useless.

4. Plaintiff Franklin Caraballo is, and at all times relevant to this action has been, a resident of San Diego, California. In approximately the summer of 2017, Mr. Olmos purchased a Portland 14-inch Electronic Chainsaw from a Harbor Freight store located in Escondido, California. Mr. Caraballo purchased the Product because he believed it was fit for use as a chainsaw. However, the Product Mr. Caraballo purchased was not fit for use as a chainsaw due to the Product's malfunctioning power switch. Mr. Caraballo would not have purchased the Product had he known that the Product was unfit to perform its intended purpose, rendering the Product useless.

5. Defendant Harbor Freight Tools USA. Inc. is a Delaware corporation with its principal place of business at 26541 Agoura Rd., Calabasas, California. Defendant manufactures, markets, and distributes the Products throughout the United States.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 (federal question). This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

7. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

8. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District, a substantial part of the events giving rise to Plaintiffs' claims took place within this District because Plaintiff Olmos purchased the Product in this District and resides in this District.

**COMMON FACTUAL ALLEGATIONS**

10. Defendant Harbor Freight is a hardware store franchise that owns and operates over 900 hardware stores nationwide. Throughout its website, Defendant boasts that it has "40+ million customers" and that it sells "great quality tools."

11. Among the various tools sold by Defendant are Portland, One Stop Gardens, and Chicago Electric 14-inch Electric Chainsaws. Except for the brand names, these Products are identical and share the same coloring and model numbers.

12. Unfortunately for consumers who purchased these Products, they were not purchasing "great quality tools."

13. In May of 2018, Harbor Freight issued a recall of the Products due to a serious injury hazard. Specifically, Harbor Freight admitted that its Products are defective due to a power switch malfunction which allows the chainsaw to continue operating after the operator moves the switch to the "off" position. Harbor Freight estimated that it sold well over 1,000,000 defective units.

14. However, Harbor Freight's recall is insufficient. The recall notice was only briefly publicized, and replacement units can only be picked up in-person at a Harbor Freight store. But even consumers who comply with recall instructions are coming away empty-handed. Consumers have reported difficulty attaining replacement units. For instance, one consumer wrote, "I went to the store with the notice I received telling me to stop using the chainsaws I purchased … and the store refused to exchange the product."

15. Harbor Freight has received numerous reports of chainsaws continuing to operate after being turned off by the operator, in some cases resulting in personal injuries or property damage.

16. To make matters worse, online reports to the United States Consumer Products Safety Commission show that Harbor Freight has been aware of this defect since at least 2014, yet they continued to sell the defective products anyway.

CLASS ACTION COMPLAINT                                                                    3

17. For example, in May 2014, a consumer submitted a report to Harbor Freight stating, "[t]he trigger switch to turn it on gets stuck in the on position ... I can't get it to turn off ... Obviously I can't use it anymore.[] It's going to get someone seriously injured or killed if action is not taken." The consumer contacted and alerted Harbor Freight about this defect.

18. And this is not the first time Harbor Freight products have put consumers in danger due to defective power switches. In December of 2015, Harbor Freight recalled approximately 1.7 million defective cordless drills when it was realized that the drills' power switches caused the drills to become stuck in the "on" position, resulting in the drills overheating and causing a burn and fire hazard.

19. Harbor Freight has profited enormously from its false and misleading representation that its Products were fit to perform their stated purpose and/or its failure to disclose the dangerous defect described above.

20. On July 27, 2018, prior to the filing of this Complaint, Plaintiffs' counsel sent Defendant a CLRA notice letter, which complies in all respects with California Civil Code §1782(a). The letter was sent via certified mail, return receipt requested, advising Defendant that it was in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. The letter also gave notice of breaches of warranty and all other applicable laws. The letter stated that it was sent on behalf of both Plaintiffs and all other similarly situated purchasers.

## CLASS REPRESENTATION ALLEGATIONS

21. Plaintiffs seek to represent a class defined as all persons in the United States who purchased the Products (the "Class"). Excluded from the Class are persons who made such purchases for purpose of resale.

22. Plaintiffs also seek to represent a subclass of all Class Members who purchased the Products in the State of California (the "California Subclass").

23. At this time, Plaintiffs do not know the exact number of members of the aforementioned Class and Subclasses ("Class Members" and "Subclass Members," respectively); however, given the nature of the claims and the number of retail stores in the United States selling

CLASS ACTION COMPLAINT                                                                                          4

Defendant's Products, Plaintiffs believe that Class and Subclass members are so numerous that joinder of all members is impracticable.

24. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include:

(a) whether Defendant misrepresented and/or failed to disclose material facts concerning the Products;

(b) whether Defendant's conduct was unfair and/or deceptive;

(c) whether Defendant has been unjustly enriched as a result of the unlawful conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiffs and the Class;

(d) whether Defendant violated the Magnuson-Moss Warranty Act;

(e) whether Defendant breached express and implied warranties to Plaintiffs and the Class;

(f) whether Plaintiffs and the Class have sustained damages with respect to the common law claims asserted, and if so, the proper measure of their damages.

25. With respect to the California Subclass, additional questions of law and fact common to the members that predominate over questions that may affect individual members include whether Defendant violated the California Consumer Legal Remedies Act as well as California's False Advertising law.

26. Plaintiffs' claims are typical of those of the Class because Plaintiffs, like all members of the Class, purchased, in a typical consumer setting, Defendant's Products, and Plaintiffs sustained damages from Defendant's wrongful conduct.

27. Plaintiffs will fairly and adequately protect the interests of the Class and Subclasses and have retained counsel that is experienced in litigating complex class actions. Plaintiffs have no interests which conflict with those of the Class or the Subclasses.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

29. The prosecution of separate actions by members of the Class and the Subclasses would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of the Class and the Subclasses even where certain Class or Subclass members are not parties to such actions.

## COUNT I
### (Breach Of Implied Warranty Of Merchantability)

30. Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

31. Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

32. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that the Products were fit for use as chainsaws.

33. Defendant breached the warranty of merchantability because the Products would not "pass without objection in the trade under the contract description" and were "not fit for the ordinary purposes for which [they were] used." U.C.C. § 2-314(2) (listing requirements for merchantability). As a result, Plaintiffs and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.

34. Plaintiffs and Class members purchased the Products in reliance upon Defendant's skill and judgment in properly packaging and labeling the Products.

35. The Products were not altered by Plaintiffs or Class members.

36. The Products were defective when they left the exclusive control of Defendant.

37. Defendant knew that the Products would be purchased and used without additional testing by Plaintiffs and Class members.

38. The Products were defectively designed and unfit for their intended purpose, and Plaintiffs and Class members did not receive the goods as warranted.

39. As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiffs and Class members have been injured and harmed because they would not have

purchased the Products if they knew the truth about the products, namely, that they were unfit for use as chainsaws.

## COUNT II

### (Fraud by Omission)

40. Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

41. Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

42. This claim is based on fraudulent omissions concerning the safety of consumers who use the Products. As discussed above, Defendant failed to disclose that the Products had a dangerous defect.

43. The false and misleading omissions were made with knowledge of their falsehood. Defendant is a nationwide hardware distributor who knew of reports of the Products' defective and dangerous nature. Nonetheless, Defendant continued to sell its worthless chainsaws to unsuspecting consumers.

44. The false and misleading omissions were made by Defendant, upon which Plaintiff and members of the proposed Class and California Subclass reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the proposed Class and California Subclass to purchase the Products.

45. The fraudulent actions of Defendant caused damage to Plaintiffs and members of the proposed Class and Subclass, who are entitled to damages and other legal and equitable relief as a result.

## COUNT III

### (Unjust Enrichment)

46. Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

47. Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclasses against Defendant.

48. Plaintiffs and Class members conferred benefits on Defendant by purchasing the Products.

49. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs and Class members' purchases of the Products. Retention of those moneys under these circumstances is unjust and inequitable because Defendant misrepresented that the Products were fit for use as chainsaws. These misrepresentations caused injuries to Plaintiffs and Class members because they would not have purchased the Products if the true facts were known.

50. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiffs and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and Class members for its unjust enrichment, as ordered by the Court.

### COUNT IV
### (Violation Of The Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*)

51. Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

52. Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

53. The Products are consumer products as defined in 15 U.S.C. § 2301(1).

54. Plaintiffs and the Class and Subclass members are consumers as defined in 15 U.S.C. § 2301(3).

55. Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

56. In connection with the marketing and sale of the Products, Defendant impliedly warranted that the Products were fit for use as chainsaws. The Products were not fit for use as chainsaws due to the defect described in the allegations above.

57. By reason of Defendant's breach of warranties, Defendant violated the statutory rights due Plaintiffs and the Class and Subclass members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, thereby damaging Plaintiffs and the Class and Subclass members.

58. Plaintiffs and the Class and Subclass members were injured as a direct and proximate result of Defendant's breach because they would not have purchased the Products if they knew the truth about the defective nature of the Products.

**COUNT V**

**Violation of California's Consumers Legal Remedies Act ("CLRA"),
California Civil Code § 1750, *et seq.*
(Injunctive Relief Only)**

59. Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

60. Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

61. Civil Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." Civil Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

62. Defendant violated Civil Code § 1770(a)(5) and (a)(7) by making false, and misleading statements by holding out Products as fit for use as chainsaws, when in fact the products were defective, dangerous, and useless.

63. Plaintiffs and the members of the California Subclass have suffered harm as a result of these violations of the CLRA because they have incurred charges and/or paid monies for the Products that they otherwise would not have incurred or paid.

64. Wherefore, Plaintiffs presently only seek injunctive relief for this violation of the CLRA.

**COUNT VI**
**(Violation California's Unfair Competition Law)**

65. Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

66. Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

67. By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the California Subclass, by engaging in unlawful, fraudulent, and unfair conduct.

CLASS ACTION COMPLAINT                                                                  9

68. Defendant has violated the UCL's proscription against engaging in unlawful conduct as a result of its violations of the CLRA, Cal. Civ. Code § 1770(a)(5) and (a)(7) as alleged above.

69. Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

70. As more fully described above, Defendant's misleading marketing, advertising, packaging, and labeling of the Products is likely to deceive reasonable consumers.

71. Defendant's acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

72. Plaintiffs and the other California Subclass members suffered a substantial injury by virtue of buying the Products that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and omission about the defective nature of the Products, or by virtue of paying an excessive premium price for the unlawfully, fraudulently, and unfairly marketed, advertised, packaged, and labeled product.

73. There is no benefit to consumers or competition from deceptively marketing and omitting material facts about the defective nature of the Products.

74. Plaintiff and the other California Subclass members had no way of reasonably knowing that the Products they purchased were not as marketed, advertised, packaged, or labeled. Thus, they could not have reasonably avoided the injury each of them suffered.

75. The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiffs and the other members of the California Subclass.

76. Pursuant to California Business and Professional Code § 17203, Plaintiff and the California Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendant to:

    (a)    provide restitution to Plaintiffs and the other California Subclass members;

      (b)    disgorge all revenues obtained as a result of violations of the UCL;

      (c)    pay Plaintiffs' and the California Subclass' attorney's fees and costs;

      (d)    injunctive relief

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

a. For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Subclass and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass members;

b. For an order declaring the Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiffs, the nationwide Class, and the Subclass on all counts asserted herein;

d. For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

e. For pre-judgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For an order requiring Defendant to undertake a corrective measures to notify consumers about the dangers of using the Products;

h. For an order awarding Plaintiffs and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury of all issues so triable.

| | |
|---|---|
| Dated: August 15, 2018 | Respectfully submitted, |
| | **BURSOR & FISHER, P.A.** |
| | By:    */s/ Joel D. Smith*<br>Joel D. Smith |
| | L. Timothy Fisher (State Bar No. 191626)<br>Joel D. Smith (State Bar No. 244902)<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA  94596<br>Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700<br>Email: ltfisher@bursor.com<br>         jsmith@bursor.com |
| | **BURSOR & FISHER, P.A.**<br>Scott A. Bursor (State Bar No. 276006)<br>888 Seventh Avenue<br>New York, NY  10019<br>Telephone: (212) 989-9113<br>Facsimile:  (212) 989-9163<br>E-Mail: scott@bursor.com |
| | *Counsel for Plaintiffs* |

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, George Olmos, declare as follows:

1. I am a plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2. The complaint filed in this action is filed in the proper place for trial under California Civil Code Section 1780(d) in that Defendant conducts a substantial amount of business in this District.

3. In approximately spring/summer 2017, while living in California, I purchased a Portland 14-inch Electronic Chainsaw (the "Product") from a Harbor Freight store located in Pleasant Hill, California. In purchasing the Product, I relied on Defendant's representation that the Product was fit for use as a chainsaw. This representation was a substantial factor influencing my decision to purchase the Product. I would not have purchased the Product or would have only been willing to pay a substantially reduced price for the Product had I known that this representation was false and misleading.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on August 10, 2018 at Martinez, California.

*George Olmos*
_____
George Olmos